## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| INDORAMA VENTURES OXIDES LLC, | § § § | |
| | § | C.A. NO. [ _____ ] |
| PLAINTIFF, | § § | |
| | § | **ADMIRALTY AND MARITIME** |
| vs. | § | **CLAIM UNDER RULE 9(h)** |
| | § | |
| M/V NATCHEZ EXPRESS, | § | |
| U.S. Official No. 1217460, her engines, | § | |
| apparel, furniture, equipment, appurtenances, | § | |
| tackle, etc., *in rem*, and | § | |
| GENESIS MARINE, LLC, *in personam* | § | |
| | § | |
| DEFENDANTS. | § | |

### PLAINTIFF, INDORAMA VENTURES OXIDES LLC'S
### ORIGINAL VERIFIED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Indorama Ventures Oxides LLC ("*Indorama*"), and files its Original Verified Complaint complaining of Defendant, M/V NATCHEZ EXPRESS, U.S. Official No. 127460, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem* (the "*Vessel*"), and GENESIS MARINE, LLC, *in personam*, ("*Genesis*"), and alleges as follows, upon information and belief:

### I.
### JURISDICTION

1.      This is a civil action within the admiralty and maritime jurisdiction conferred in Article III, Section 2, of the UNITED STATES CONSTITUTION, pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1333, 46 U.S.C. § 740, and Rule 9(h) of the FEDERAL RULES OF CIVIL PROCEDURE.

2.      Venue is proper under 28 U.S.C. § 1391 because the Defendant Vessel presently is or will be situated within the waters of this District during the pendency of the action.

## II.
## PARTIES

3.     Plaintiff, Indorama Ventures Oxides LLC ("*Indorama*"), is a limited liability company organized under the laws of Delaware with its principal place of business in The Woodlands, Texas.  By way of a transaction that closed in January 2020, Indorama acquired the chemical intermediates and surfactants business lines, and all related assets, of Huntsman International LLC ("*Huntsman*").  This acquisition included the former Huntsman PNO dock and terminal facility located in Port Neches, Texas (the "*PNO Dock*"), and all assets and claims of Huntsman relating thereto.  For all purposes herein, Indorama is Huntsman's successor-in-interest.

4.     Defendant Vessel, M/V NATCHEZ EXPRESS, U.S. Official No. 127460, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem* (the "*Vessel*"), is an inland towboat that is documented and registered under the laws of the United States, and is currently located in the District of this Court.

5.     Defendant, Genesis Marine, LLC ("*Genesis*"), is a limited liability company organized under the laws of Delaware with its principal place of business in Houston, Texas.  At all relevant times, Genesis was the operator and/or owner of the Vessel.

### III.
### FACTUAL BACKGROUND AND INDORAMA'S CLAIMS

6.     Indorama alleges that it has a maritime lien against the Defendant Vessel for damages arising from an allision.  On or about February 19, 2018, the Vessel was underway in the Neches River with a tow of two inland barges when she and the tow, mistaking the PNO Dock for another terminal facility where the Vessel was supposed to berth, collided into a large

steel mooring dolphin (the "**Mooring Dolphin**") that formed part of the PNO Dock facilities at Port Neches, Texas.  The Vessel and her tow struck the Mooring Dolphin with such force that it caused the Mooring Dolphin to topple over and sink to the bottom of the River.

7.      The Mooring Dolphin provided a critical mooring point to ships that would berth at the PNO Dock.  Because of the allision and the resulting loss of the Mooring Dolphin, the PNO Dock had to be shut down to ships.  This shut-down caused disruptions and losses in Indorama's business, which Indorama attempted to mitigate.

8.      The aforementioned allision and the resulting damages were solely and proximately caused by the fault and negligence of Genesis, and the fault, negligence, and unseaworthiness of the Vessel, and the failure of Genesis, the Vessel, and the agents of Genesis in charge of the Vessel to exercise reasonable care and observe the standards of good and prudent seamanship in the following respects, among others, which will be shown at trial:

(a)      The Vessel was unseaworthy, inasmuch as it had insufficient ability to properly navigate, steer, and/or maneuver to prevent the Defendant Vessel from striking the Mooring Dolphin;

(b)      The Vessel was manned by an incompetent and/or inexperienced crew;

(c)      The Vessel failed to properly navigate, steer, and/or maneuver in accordance with applicable Rules of Navigation, Port Regulations, and customs of the Port;

(d)      The Vessel failed to maintain an alert and proper lookout;

(e)      The Vessel failed to steer a course and maneuver to remain clear of, and avoid striking, the Mooring Dolphin;

(f)      The Vessel failed to take reasonable and timely action to prevent or minimize the effect of the allision.

8.      Indorama would further show the following:

(a)      Genesis and the Vessel are presumed to be at fault for bringing the Defendant Vessel into allision with the Mooring Dolphin, a fixed and stationary object;

(b)      Genesis and the Vessel knew or should have known of the Mooring Dolphin's presence and had a duty to avoid the Mooring Dolphin and the other structures of the PNO Dock;

(c)      Genesis and the Vessel are liable for negligence *per se* in connection with the allision.

10.      Indorama reserves the right to amend these pleadings to allege other faults on the part of the Vessel and Genesis as the facts pertaining to this allision become even more fully developed.

11.      The allision and associated damages were not caused, or contributed to, by any fault of neglect on the part of Indorama, but on the contrary were caused wholly by, and due solely to the fault, neglect, and want of care on the part of Genesis, the Vessel, and those in charge of the Defendant Vessel.

12.      As a proximate result of the foregoing allision, Indorama has sustained substantial damages, costs, and expenses associated with the marine casualty.  Specifically, Indorama has incurred expenses, to date, of approximately $545,745.55 for (1) the retrieval and removal of the damaged Mooring Dolphin, (2) the installation of a temporary dolphin that allowed the PNO Dock to re-open to ships, and (3) the design and installation of replacement for the damaged Mooring Dolphin.

13.      Because the PNO Dock had to be shut down until the loss of the Mooring Dolphin caused by Genesis and the Vessel could be remedied, Indorama incurred approximately

$201,196.26 in demurrage charges to ships that were delayed in berthing at the PNO Dock from the time that the Mooring Dolphin was damaged by the Defendant Vessel until the installation of the temporary dolphin allowed the PNO Dock to be re-opened to ships.

14. Accordingly, to date, Indorama's estimated damages, costs, and expenses resulting from the allision total $746,941.81 plus pre-judgment and post-judgment interests at the maximum rates allowed by law, and court costs. The Vessel and Genesis are jointly and severally liable for these damages, costs, and expenses for the reasons stated above.

15. Indorama specifically reserves its right to amend or supplement these pleadings to allege other and further damages as they may become known.

16. All and singular, the premises are true and correct and within the admiralty and maritime jurisdiction of the United States of America and this Honorable Court.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Indorama Ventures Oxides, LLC, prays:

(a) That according to the practice of this Court in cases of admiralty and maritime jurisdiction, issue against the Vessel, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem,* citing it to appear and answer under oath all, and singular, the matters alleged in this Verified Complaint;

(b) That a warrant for the arrest of the Vessel be issued and that the Vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein against the Vessel, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem*;

(c) That the Vessel, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem*, after her arrest be condemned and sold, free and clear of all liens and

encumbrances, to satisfy any judgments owed to Indorama, and that the Court award Indorama out of the proceeds of the said sale, the full amount of its claim, pre-judgment interest, post-judgment interest, *custodia legis* expenses, as well as other fees and disbursements which sums remains outstanding, unpaid, due and owing to Indorama; and

(d)     That the Court grant Indorama also such other further relief to which it may be justly entitled.

Dated: February 14, 2020                    Respectfully Submitted,
       Houston, Texas

                    By:    */s/ Phillip B. Dye, Jr.*
                         Phillip B. Dye, Jr.,
                           *Attorney-in-Charge*
                           Federal Bar No. 7216
                           Texas Bar No. 06311500
                           E-mail: pdye@velaw.com
                         John J. Michael
                           Federal Bar No. 36954
                           Texas Bar No. 24041480
                           E-mail: jmichael@velaw.com
                         Benjamin D. Betner
                           Federal Bar No. 3149443
                           Texas Bar No. 24105466
                           E-mail:bbetner@velaw.com
                         1001 Fannin Street, Suite 2500
                         Houston, Texas  77002-6760
                         Telephone: 713-758-2048
                         Facsimile: 713-615-5766

                         ***ATTORNEYS FOR INDORAMA***
                         ***VENTURES OXIDES, LLC***

OF COUNSEL:

**VINSON & ELKINS L.L.P.**

## <u>CERTIFICATE OF SERVICE</u>

This confirms that the U.S. Marshal has been or will be instructed to serve this application along with all other pleadings on the vessel at issue in accordance with Rule C of the Federal Rules of Civil Rules of Procedure Supplemental Rules for Certain Admiralty and Maritime Claims.

*/s/ Benjamin D. Betner*
Benjamin D. Betner

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| INDORAMA VENTURES<br>OXIDES LLC, | §<br>§<br>§ | C.A. NO. [ _____ ] |
| vs. | §<br>§ | |
| M/V NATCHEZ EXPRESS, | § | **ADMIRALTY AND MARITIME** |
| U.S. Official No. 1217460, her engines, | § | **CLAIM UNDER RULE 9(h)** |
| apparel, furniture, equipment, appurtenances, | § | |
| tackle, etc., *in rem*, and | § | |
| GENESIS MARINE, LLC, *in personam* | | |

### VERIFICATION OF COMPLAINT

Pursuant to 28 U.S.C. §1746, Mark Hays, declares under the penalty of perjury:

1.      I am the R&S Operations Coordinator for Indorama Ventures Oxides LLC. I am competent to testify as to the matters covered in this declaration.

2.      I have read the foregoing Verified Complaint and believe the contents thereof are true.

3.      The sources of my information and belief are my personal knowledge of the information contained therein and information contained within Indorama Ventures Oxides LLC's files and records.

Dated:      February *14*, 2020 at Port Neches, Texas.

_____
Mark Hays

7